Filed 3/20/24  P. v. Flenory-Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098575 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F04481) |
| v. | |
| JAIVONNE FLENORY-DAVIS, | |
| Defendant and Appellant. | |

Defendant Jaivonne Flenory-Davis appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95, now 1172.6.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asks that we exercise our discretion to review the record for arguable issues.

---

[1]      Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

This court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief arguing the jury could have inferred his intent to attempt to kill the victim based on the kill zone instruction. We disagree and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2010, a gang fight broke out at a club party for teenagers. When everyone rushed outside, about six gunshots were fired. One victim (L.D.) was instantly killed, while a second victim (C.M.) was shot but survived. Defendant's friend, who had accompanied defendant to the party, identified defendant as the shooter. The two fled in a car. (*People v. Flenory-Davis* (Aug. 20, 2014, C072000) [nonpub. opn.].)

A jury found defendant guilty of first degree murder and attempted murder and found true firearm and gang enhancements as to both charges. The trial court sentenced defendant to 25 years to life for the murder plus 25 years to life for the firearm enhancement and 10 years for the gang enhancement, and life with a minimum parole period of seven years for the attempted murder plus 25 years to life for the firearm enhancement and 10 years for the gang enhancement. On appeal, this court struck the gang enhancement on the murder charge, imposed a 15-year minimum parole eligibility for the murder charge, and remanded the matter for the trial court to resentence defendant on the attempted murder charge. This court otherwise affirmed the judgment. (*People v. Flenory-Davis, supra*, C072000.)

In March 2015, the trial court sentenced defendant to an indeterminate term of 75 years to life, consecutive to a determinate 19-year term.

In April 2022, defendant filed a petition for resentencing under section 1172.6. Counsel was appointed, and the prosecution filed a brief arguing defendant was ineligible for relief because the jury was never instructed regarding the natural and probable consequences theory, felony murder, or any other theory where liability is imputed to a defendant based on a participation in a crime. As to the attempted murder conviction, the

2

prosecution noted that the jury was instructed regarding attempted murder pursuant to CALCRIM No. 600.[2]  The prosecution further noted that the jury had found the personal firearm use enhancement to be true, indicating defendant was the sole perpetrator and the jury had not found defendant guilty under a theory of vicarious liability.  The prosecution included a copy of this court's prior opinion and the given jury instructions.  Defense counsel filed a reply arguing the prosecution had failed to establish as a matter of law that the jury had not relied on the natural and probable consequences doctrine or the felony-murder theory.

In August 2022, the trial court issued a written tentative order finding defendant was ineligible for relief as a matter of law.  The court reasoned that the jury instructions established conclusively that the jury had not been instructed on felony murder or natural and probable consequences.  Similarly, the jury instructions permitted a guilty finding on first degree murder only if the jury found defendant acted with express malice.  And CALCRIM No. 600 required the jury to find defendant " 'intended to kill a person' " in order to find him guilty of attempted murder.

Defense counsel filed a supplemental brief arguing the kill zone portion of the attempted murder instructions pursuant to CALCRIM No. 600 permitted the jury to infer

---

[2]     The jury instructions regarding attempted murder included the following:  "The defendant is charged in Counts One and Two with attempted murder.  To prove that the defendant is guilty of attempted murder, the People must prove that:  1. The defendant took direct but ineffective steps toward killing another person; AND 2. The defendant intended to kill that person."

The instruction also included the "kill zone" instruction:  "A person may intend to kill a specific victim or victims and at the same time intend to kill everyone in a particular zone of harm or 'kill zone.'  In order to convict the defendant of the attempted murder of [C.M.], the People must prove that the defendant not only intended to kill a specific victim or victims, but also intended to kill [C.M.], or intended to kill everyone within the kill zone.  If you have a reasonable doubt whether the defendant intended to kill [C.M.] or intended to kill [C.M.] by killing everyone in the kill zone, then you must find the defendant not guilty of the attempted murder of [C.M.]."

3

intent to kill based on defendant's participation in a separate crime. According to defense counsel, the jury was only required to "make 'reasonable' inference about intent," making it "no different than imputing malice." Defense counsel noted that our Supreme Court had narrowed the kill zone doctrine in *People v. Canizales* (2019) 7 Cal.5th 591, meaning defendant's underlying conviction and subsequent appeal did not benefit from the clarification. As such, the kill zone instruction given did not require the jury to first believe that defendant harbored the specific intent to kill a specific person.

During the April 2023 prima facie hearing, the prosecution argued the kill zone theory was still a valid theory of attempted murder of those who were surrounding an original target. Moreover, the attempted murder instructions as given still required intent to kill. The trial court subsequently issued a written order adopting the tentative order and denying defendant's petition.

## DISCUSSION

## I

1.      *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Generally, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) Although the natural and probable consequences theory is no longer an option under current law to convict an aider and abettor for murder or attempted murder, he can still be convicted as a direct aider and abettor. (§§ 188, 189.) An individual can also still be convicted of attempted murder if

4

he has the specific intent to kill and commits a direct but ineffectual act toward its commission. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " ' "if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' " (*Ibid*.; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

2.    *Analysis*

Defendant argues the kill zone theory created an ambiguity with respect to intent to kill, entitling him to remand for an evidentiary hearing. We disagree.

As our Supreme Court has explained, "the kill zone theory for establishing the specific intent to kill required for conviction of attempted murder may properly be applied only when a jury concludes: (1) the circumstances of the defendant's attack on a primary target, including the type and extent of force the defendant used, are such that the only reasonable inference is that the defendant intended to create a zone of fatal harm -- that is, an area in which the defendant intended to kill everyone present to ensure the

5

primary target's death -- around the primary target and (2) the alleged attempted murder victim who was not the primary target was located within that zone of harm. Taken together, such evidence will support a finding that the defendant harbored the requisite specific intent to kill both the primary target and everyone within the zone of fatal harm." (*People v. Canizales, supra*, 7 Cal.5th at p. 607.)

Here, the jury was not instructed on the natural and probable consequences doctrine regarding attempted murder. (§ 1172.6, subd. (a).) Instead, the jury was specifically instructed that it could find defendant guilty of attempted murder of C.M. only if it found he intended to kill. To the extent defendant's conviction for the attempted murder of C.M. was based on the kill zone theory, the jury was instructed that the prosecutor had to prove beyond a reasonable doubt that defendant not only intended to kill C.M., but also intended to kill everyone in the zone. Assuming the jury relied on the kill zone theory to convict defendant of the attempted murder of C.M., defendant has not identified any ambiguity in the jury instructions that may have misled the jury to convict him based on imputed malice. (§ 1172.6, subd. (a).) As such, we find no error in the trial court's order finding defendant ineligible for relief as a matter of law and denying his section 1172.6 petition.

6

# DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

7